FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 06, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRANDPA BUD, LLC, a Washington limited liability company,<br><br>                Plaintiff,<br>v.<br><br>CHELAN COUNTY WASHINGTON, a municipal corporation, KEITH GOEHNER, individually and as a Chelan County Commissioner, and LISA GOEHNER, in their marital community,<br><br>                Defendant. | NO: 2:19-CV-51-RMP<br><br>ORDER GRANTING NORTHWEST FARM CREDIT SERVICES' MOTION FOR A PROTECTIVE ORDER |

BEFORE THE COURT is Northwest Farm Credit Services' Motion for Protective Order, ECF No. 44. The Court has considered the motion, the record, and is fully informed.

On November 27, 2019, the Court ordered Northwest Farm Credit Services to respond to portions of Defendants' subpoena duces tecum, pursuant to 12 C.F.R. §

ORDER GRANTING NORTHWEST FARM CREDIT SERVICE'S MOTION FOR A PROTECTIVE ORDER ~ 1

618.8330.  ECF No. 43.  Defendants' subpoena had a deadline of December 2, 2019.  Northwest Farm Credit Services explains that it could not possibly have complied with Defendants' deadline and provides a supporting declaration, explaining the burden that the subpoena has placed on it.  *See* ECF No. 45.  Northwest Farm Credit Services requests a protective order, establishing later deadlines to comply with the subpoena, and requiring Defendants to pay certain costs associated with the restoration and production of responsive emails.  ECF No. 44.

Defendants respond that Northwest Farm Credit Services failed to file an objection to the subpoena pursuant to Rule 45(d)(2)(B).  Defendants argue that, under Rule 45, "such an objection, and order compelling compliance with a subpoena, is a condition precedent to an order shifting costs."  ECF No. 47 at 2.  Therefore, Northwest Farm Credit Services cannot request fee-shifting.  *Id*.  Alternatively, Defendants argue that a motion for fees under Rule 45 is premature because Northwest Farm Credit Services has not accrued costs yet.  *Id*.  Defendants presently are communicating with Northwest Farm Credit Services about the subpoena duces tecum, in an apparent effort to limit the burden of responding to the subpoena.  *See* ECF No. 48-9.

The Court finds good cause to grant the Motion for Protective Order pursuant to Federal Rules of Civil Procedure 26(c), and extend the time in which Northwest Farm Credit Services may respond to the subpoena, as well as providing other

ORDER GRANTING NORTHWEST FARM CREDIT SERVICE'S MOTION FOR A PROTECTIVE ORDER ~ 2

accommodations for both parties. *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 669 F.2d 620, 623–24 (9th Cir. 1982) (district court did not abuse discretion when it granted motion for protective order pursuant to Rule 26(c) regarding subpoena duces tecum served on nonparty).

Alternatively, the Court grants Northwest Farm Credit Services' Motion pursuant to Rule 45(d). While Defendants are correct that Rule 45(d)(2)(B)(ii) requires Northwest Farm Credit Services to serve a written objection before pursuing cost-shifting, the Court construes Northwest Farm Credit Services' Motion for Protective Order as an objection to the subpoena duces tecum.

Accordingly, **IT IS HEREBY ORDERED**:

1. Northwest Farm Credit Services' Motion for Protective Order, **ECF No. 44**, is **GRANTED**.
2. Northwest Farm Credit Services shall produce non-email responsive documents by **December 9, 2019**.
3. Defendants must pay the vendor costs involved in restoration and searching of archived emails responsive to the subpoena duces tecum;
4. In addition, Defendants will be required to pay Northwest Farm Credit Services' reasonable legal fees that are narrowly tailored to responding to Defendants' subpoena duces tecum;

ORDER GRANTING NORTHWEST FARM CREDIT SERVICE'S MOTION FOR A PROTECTIVE ORDER ~ 3

5. Subject to payment of vendor costs and legal fees, Northwest Farm Credit Services shall produce responsive email documents by **January 17, 2020**.

6. If Defendant finds it necessary to reschedule Plaintiff's Rule 30(b)(6) deposition after the discovery deadline, Defendant may file a motion prior to the discovery deadline requesting permission to proceed with the deposition or other discovery after the discovery deadline noted in the current Scheduling Order. If this Order inhibits the parties' ability to comply with any other deadlines in this matter, the parties should request an extension of such deadlines.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel and to Northwest Farm Credit Services.

**DATED** this December 6, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING NORTHWEST FARM CREDIT SERVICE'S MOTION FOR A PROTECTIVE ORDER ~ 4