FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 16, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRANDPA BUD, LLC, a Washington limited liability company,<br><br>                    Plaintiff,<br><br>  v.<br><br>CHELAN COUNTY WASHINGTON, a municipal corporation; KEITH GOEHNER, individually and as a Chelan County Commissioner; and LISA GOEHNER, and her marital community,<br><br>                    Defendants. | NO: 2:19-CV-51-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Defendants' Motion for Reconsideration regarding this Court's order at ECF No. 49. ECF No. 50. The Court has considered the record, the relevant precedent, and is fully informed.

A motion for reconsideration should not be granted, "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or . . . there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

This Court previously granted third-party Northwest Farm Credit Services' (NWFCS) Motion for a Protective Order. ECF No. 49. The protective order

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION ~ 1

requires Defendants to pay NWFCS's vendor costs and reasonable legal fees that are narrowly tailored to responding to Defendants' subpoena duces tecum, prior to receiving responsive email discovery from NWFCS.  The Court granted the motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c), and in the alternative, pursuant to Federal Rule of Civil Procedure 45(d).

In their motion for reconsideration, Defendants argue that cost shifting is premature pursuant to Rule 45(d), citing to precedent interpreting Rule 45(d)(2)(B)(ii).  However, the Court granted NWFCS's motion for a protective order pursuant to Rule 26(c), and pursuant to Rule 45(d) in the alternative only.  ECF No. 49 at 2–3.  Defendants make no argument regarding Rule 26(c).  The Ninth Circuit has not held that a third party is prohibited from requesting a protective order under Rule 26(c).  In fact, the rule itself states that "any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ."  Fed. R. Civ. P. 26(c) (emphasis added).  The Court may then, for good cause, protect the requesting "party or person" from undue burden or expense by "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery[.]"  Fed. R. Civ. P. 26(c)(1)(B).  Therefore, the Court does not find that it has committed clear error.  Additionally, Defendants have not presented any newly discovered evidence or cited to any change in controlling law.

Moreover, Defendants ask that NWFCS, a third party with no apparent interest in this litigation, bear the cost of discovery until discovery is completed,

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION ~ 2

without any reassurance that it will be reimbursed. NWFCS maintains that discovery may cost upwards of $100,000 due to Defendants' broad request. *See* ECF No. 45 at 5. Presently, the cost of discovery is unknown because discovery is ongoing. Defendants made broad requests in their subpoena, which the Court previously narrowed. However, NWFCS should not be forced to shoulder the risk of paying for the costs to produce documents in response to Defendants' broad requests, which were increased by attempting to comply quickly to Defendants' last-minute subpoena duces tecum.

Defendants claim that the Court has written a "blank check" to NWFCS for discovery expenses. ECF No. 50 at 3. However, there is no reason to believe that NWFCS will engage in more expansive discovery than necessary to comply with Defendants' subpoena. If , Defendants are concerned about the expense of discovery, Defendants are encouraged to refine their discovery request and continue to work with NWFCS to limit the scope and burden of discovery by agreeing to specific search terms and date parameters.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration, **ECF No. 50**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel and to Northwest Farm Credit Services.

**DATED** this December 16, 2019.   *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION ~ 3