FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRANDPA BUD, LLC, a Washington limited liability company,<br><br>                    Plaintiff,<br><br>  v.<br><br>CHELAN COUNTY WASHINGTON, a municipal corporation; KEITH GOEHNER, individually and as a Chelan County Commissioner; and LISA GOEHNER, and her marital community,<br><br>                    Defendants. | NO: 2:19-CV-51-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER AND AMEND IN PART THE COURT'S ORDER DATED MAY 26, 2020 |

BEFORE THE COURT is Plaintiff's Motion to Alter and Amend in Part the Court's Order dated May 26, 2020, ECF No. 103. The Court has considered the record, the briefing, the relevant law, and is fully informed.

## BACKGROUND

Plaintiff, Grandpa Bud, LLC, filed suit after the Chelan County Board of Commissioners passed a series of zoning regulations, Resolution 2016-14 and

ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND ALTER IN PART COURT'S ORDER DATED MAY 26, 2020 ~ 1

1    Resolution 2017-75, governing the production of cannabis and providing a two-year

2    amortization period for certain businesses, including Grandpa Bud.  ECF Nos. 66-6 at

3    6; 66-8.  On May 26, 2020, the Court issued judgment on Grandpa Bud's federal due

4    process claims and dismissed without prejudice its remaining claims under state law.

5    ECF No. 101.

6        The Court found that Grandpa Bud's alleged property interest in its

7    nonconforming land use was indistinguishable from federally unauthorized cannabis

8    cultivation, which is not a protectable property interest under the U.S. Constitution.

9    ECF No. 12 101 at 12.  Thus, Grandpa Bud's federal substantive and procedural due

10   process claims failed as a matter of law.  *Id.*

11       The Court further addressed the federal substantive due process claim,

12   concluding it would also fail, even if Grandpa Bud had a constitutionally protected

13   property interest.  *Id.* at 12.  The Court used the standard test for analyzing

14   substantive due process violations: whether the regulation serves a legitimate

15   governmental objective.  *Id.* at 12–13.  In doing so, the Court found that the County's

16   cannabis regulations served a legitimate governmental purpose.  *Id.* at 14.  After

17   dismissing Grandpa Bud's federal claims, which provided the basis for federal

18   jurisdiction, the Court proceeded to dismiss the remaining state law claims without

19   prejudice.  *Id.* at 17.

20

21

ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND ALTER IN
PART COURT'S ORDER DATED MAY 26, 2020 ~ 2

1    Grandpa Bud now moves the Court to alter and amend the Court's Order in

2 part. ECF No. 103. Grandpa Bud requests that the Court strike Part B, discussing

3 substantive due process, or modify its analysis to use the balancing test outlined in

4 *Northend Cinema, Inc. v. City of Seattle,* 585 P.2d 1153 (Wash. 1978). Grandpa Bud

5 also requests that the Court modify the Order to remand Grandpa Bud's state law

6 claims to state court.

## LEGAL STANDARD

8    A district court may alter and amend its grant of summary judgment under

9 Federal Rule of Civil Procedure 59(e) or Rule 60(b). A motion brought under Fed. R.

10 Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the

11 district court is presented with newly discovered evidence, committed clear error, or

12 if there is an intervening change in the controlling law." *Carroll v. Nakatani*, 342

13 F.3d 934, 945 (9th Cir. 2003). Motions for reconsideration are committed to the

14 discretion of the trial court. *See School Dist. No. 1J. Mutlinomah Cty. v. ACandS,*

15 *Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993).

16    Fed. R. Civ. P. 60(b) empowers the Court to relieve a party from a final

17 judgment or order due to mistake, newly discovered evidence, fraud, or "any other

18 reason that justifies relief." Relief under Rule 60(b)(6), the catch-all provision, is

19 used sparingly as an equitable remedy to prevent manifest injustice and only where

extraordinary circumstances exist.  *See U.S. v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993).

## DISCUSSION

**Part B, Substantive Due Process**

Grandpa Bud requests that the Court either strike Part B., analyzing the substantive due process claim, or modify its Order to include analysis of the two-year amortization period, using the balancing test outlined in *Northend Cinema, Inc. v. City of Seattle,* 585 P.2d 1153 (Wash. 1978).[1]  Grandpa Bud acknowledges Part B "had no bearing on the Court's ultimate conclusion."  ECF No. 103 at 9.

A plaintiff challenging land use regulations under a federal substantive due process theory must demonstrate that the regulation "fails to serve any legitimate governmental objective," rendering it "arbitrary or irrational."  *See Star Northwest Inc. v. City of Kenmore,* 308 Fed. Appx. 62 (9th Cir. 2008) (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 542 (2005)).  A law regulating the use of property violates substantive due process only if it fails this standard.  *See Yim v. City of Seattle*, 451 P.3d 694, 699, 702 (Wash. 2019).

---

[1] The test considers whether the harm or hardship to the user outweighs the benefit to the public to be gained from termination of the use.

ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND ALTER IN PART COURT'S ORDER DATED MAY 26, 2020 ~ 4

The Court, after being fully informed and considering the relevant law, applied the correct standard. There is neither clear error nor a change in law. Furthermore, the Court's analysis in Part B has no bearing on the Court's ultimate conclusion that Grandpa Bud does not have a constitutionally protected interest, which is fatal to its federal due process claims. *See Chevron U.S.A.*, 544 U.S. at 542. Grandpa Bud's disagreement with the Court's analysis does not justify relief under Fed. R. Civ. P. 59(e) or 60(b). Thus, the Court declines to strike or amend Part B.

**State Claims**

Grandpa Bud moves the Court to modify its Order to remand the remaining state law claims to state court in lieu of dismissal without prejudice. In its motion, Grandpa Bud states "[r]efiling in state court may not cost defendants anything, but it does unnecessarily cost plaintiff and the state court some time and expense." ECF No. 106 at 7.

If a district court dismisses all claims over which it had original jurisdiction, the court "may decline to exercise supplemental jurisdiction" over the remaining claims. 28 U.S.C. § 1367(c). If all original jurisdiction claims are dismissed before trial, it is common practice to decline to exercise jurisdiction over any remaining state law claims. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997); *See, e.g.*, *Blocktree Properties, LLC v. Pub. Util. Dist. No. 2 of Grant Cty.,* No. 2:18-CV-390-RMP, 2020 WL 1217309 at *12 (E.D. Wash. March 12, 2020).

ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND ALTER IN PART COURT'S ORDER DATED MAY 26, 2020 ~ 5

1       Plaintiff cites to the values of "judicial economy, convenience, fairness, and comity" as reasons for the Court to modify its Order and remand the remaining state claims to state court. ECF No. 103 at 10; *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 353 (1988). However, the Court does not find these values justify modification of its Order given the exacting standards set forth in Fed. R. Civ. P. 59(e) and Rule 60(b). Aside from the costs and efforts associated with refiling its claims in state court, the Court has not been made aware of any prejudice that Plaintiff will suffer, such as the expiration of the statute of limitations, to justify relief. Furthermore, dismissing without prejudice rather than remanding claims to state court may best serve state court judicial economy by not burdening the state court docket with claims that a plaintiff may choose not to prosecute after the federal court has concluded its analysis resulting in dismissal without prejudice.

      Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter and Amend in Part the Court's Order dated May 26, 2020, **ECF No. 103,** is **DENIED**.

      **IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

      **DATED** this September 25, 2020.

                                    *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                   United States District Judge